IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELORIS PHILLIPS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-02166-K (BT) |
| | § | |
| INTERSTATE ESTATE OF | § | |
| RICHARD LEON MEANKINS, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Deloris Phillips filed this *pro se* action on August 12, 2025. *See* Compl. (ECF No. 2). On August 19, 2025, the Court ordered the clerk to close this case because Phillips is barred from proceeding with any lawsuit in this District unless she first (i) pays the fee, and (ii) obtains leave of court to file a new action. *See* Notice (ECF No. 11). Phillips then filed her Motion to Proceed *In Forma Pauperis* on Appeal (ECF No. 13). The motion should be denied for the following reasons.

**Legal Standard and Analysis**

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369

1

U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

Here, Phillips "has been deemed a pernicious, abusive, and vexatious litigant by the United States Court of Appeals for the Fifth Circuit and by this Court." *Phillips v. Fed. Bureau of Investigation,* No. 3:13-CV-1571-B, (ECF No. 10 (N.D. Tex. May 20, 2013) (citing *Phillips v. United Parcel Serv.*, No. 11-10766, Order at 1–2 (5th Cir. May 16, 2012)). Both courts have barred her from communicating with the clerk's office in each court and from proceeding with any civil action without leave. *Id.*; *see also Phillips v. City of Dallas, et al.*, 3:14-CV-3131-M, ECF No. 22 at 2–3 (N.D. Tex. Dec. 19, 2014) (recommendation of Mag. J.), *accepted by* ECF No. 25 (N.D. Tex. Jan. 14, 2015); *Phillips v. United Parcel Serv.*, No. 3:11-CV-2861-B, (ECF No. 57) (N.D. Tex. Oct. 19, 2012). In this district, she is prohibited from proceeding

with any civil action unless she pays the applicable filing fee *and* "[o]btains leave of court to file it from a Judge of a United States Court of Appeals for the Fifth Circuit, a United States District Judge, or a United States Magistrate Judge, through a proper motion for leave to file the action." *Phillips v. Texas Dep't of Ins.-Div. of Workers Comp.*, 2022 WL 17572107, at *3 (N.D. Tex. July 25, 2022), *rec. adopted*, 2022 WL 17566307 (N.D. Tex. Dec. 9, 2022). Despite this clear order, Phillips has filed at least five cases in this district in 2025 alone—three of which include as defendant the "Interstate Estate of Richard Leon Meankins."

Moreover, Phillips's complaint is devoid of any facts or allegations. She merely attaches various Texas state court dockets and orders in a similar case that she has brought against Defendant. *See generally* Compl. Even if the Court were to construe Phillips as seeking judicial review of Texas state court determinations, this Court lacks jurisdiction to do so. *See Mohamed v. United States*, 2024 WL 4191728, at *3 (N.D. Tex. Aug. 15, 2024), *rec. adopted sub nom. Muhamed v. United States*, 2024 WL 4194335 (N.D. Tex. Sept. 13, 2024) ("[T]o the extent that [plaintiff's] motion could be liberally construed as an attack on the state court . . . judgment under 42 U.S.C. § 1983, the Court lacks jurisdiction under the *Rooker-Feldman* doctrine, which provides that 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state

3

judgment itself violates the loser's federal rights.' ") (quoting *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (in turn citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 468 (1983)).

Accordingly, Phillips's appeal is not taken in good faith. The Court should DENY her motion for leave to proceed *in forma pauperis* on appeal unless Phillips pays the $505.00 filing fee within 30 days of the filing of this recommendation.

## Recommendation

The Court should find that Phillips's appeal is not taken in good faith and DENY her motion for leave to proceed *in forma pauperis* on appeal.

If the Court denies Phillips's request to proceed *in forma pauperis* on appeal, she may challenge that finding by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See Baugh*, 117 F.3d at 202; *see also* Fed. R. App. P. 24(a)(5).

**SO RECOMMENDED.**

October 6, 2025.

                                                            REBECCA RUTHERFORD
                                                            UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).