IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELORIS PHILLIPS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-02166-K (BT) |
| | § | |
| INTERSTATE ESTATE OF | § | |
| RICHARD LEON MEANKINS, | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

On December 16, 2025, *pro se* plaintiff Deloris Phillips filed a motion for leave to proceed *in forma pauperis* on appeal (ECF Noo. 21). In this motion, Phillips also asks that the Court appoint her counsel and appoint a special master pursuant to 28 U.S.C. § 1915(e)(1). Mot. at 1. For the following reasons, these requests are DENIED.

### Legal Standards and Analysis

**I. Appointment of Counsel**

There is no automatic right to the appointment of counsel in a civil case. *F.T.C. v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005). A federal court has considerable discretion in determining whether to appoint counsel. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). But counsel should be appointed in civil actions only in exceptional cases. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). The decision to appoint counsel is based "on many factors, including the type and complexity of the case; the petitioner's ability to adequately present

1

and investigate h[er] case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by 'shortening the trial and assisting in a just determination.' " *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (quoting *Ulmer*, 691 F.2d at 213).

Phillips has not shown exceptional circumstances warranting court-appointed counsel at this time. Rather, the Court has dismissed the present action and denied Phillips's request to view "all tangible exhibits/evidence" because there is no legal authority requiring Phillips be granted free access to documents filed with this Court. *See* Order at 1–2 (ECF No. 19).

## II. Appointment of Special Master

Rule 53(a)(1) permits a district court to appoint a special master only to (1) "perform duties consented to by the parties; (2) "hold trial proceedings and make or recommend findings of fact if appointment is warranted by: some exceptional condition; or the need to perform an accounting or resolve a difficult computation of damages;" or (3) "address pretrial and posttrial matters that cannot be effectively and timely addressed by the assigned judge." *Ricks v. DMA Companies*, No. 1:22-CV-773-LY, 2023 WL 105100, at *1 (W.D. Tex. Jan. 3, 2023). Phillips has satisfied none of these factors.

First, Defendant has not consented to the appointment of a special master. Second, Phillips has neither alleged the need to perform an accounting or resolve

2

a difficult computation of damages nor explained what "exceptional condition" would require appointment of a master. See *Sierra Club v. Clifford*, 257 F.3d 444, 446 (5th Cir. 2001) (holding that it was an abuse of discretion to appoint special master where plaintiff failed to demonstrate exceptional conditions existed); *Negley v. Fed. Bureau of Investigation*, No. 5:12-CA-00362-OLG, 2013 WL 12099972, at *5 (W.D. Tex. July 31, 2013) (denying motion to appoint special master where plaintiff identified no exceptional condition), *aff'd*, 589 F. App'x 726 (5th Cir. 2014). Finally, Phillips does not allege that the District Court or this Magistrate Judge cannot effectively and timely address any matters in this case.

Generally, Rule 53 permits masters to be appointed only in exceptional circumstances. *See* Fed. R. Civ. P. 53(b) (stating that reference to a master "shall be the exception and not the rule"); *Goins v. Hitchcock I.S.D.*, 191 F. Supp. 2d 860, 866-867 95th Cir. 2002); *see also Burlington Northern v. Dep't of Revenue*, 934 F.2d 1064, 1071 (9th Cir.1991) (citing *United States v. Suquamish Indian Tribe*, 901 F.2d 772, 775 (9th Cir.1990) for the proposition that "Although masters may … be appointed because of the complexity of litigation, we strictly apply Rule 53(b) to require a showing of exceptional conditions to justify the appointment"). Moreover, it is well-settled that "[t]he use of masters is 'to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause,' and not to displace the court." *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256, 77 S.Ct. 309, 313, 1 L.Ed.2d 290 (1957); *Sierra Club v. Clifford*, 257 F.3d 444,

3

446 (5th Cir.2001) ("The fact that a case has been pending for two years is not so exceptional as to require the reference of dispositive matters ... to a special master. The same applies to voluminous filings containing highly technical documents and declarations, which is pretty much the norm for modern federal litigation"); *Piper v. Hauck*, 532 F.2d 1016, 1019 (5th Cir.1976) (holding that a crowded docket and the plaintiff's filing of sixteen different lawsuits in the same court did not constitute an exceptional condition warranting a reference of the trial to a magistrate judge under Rule 53).

In short, Phillips has offered no reasoning to justify the Court in appointing a special master and has not established any exceptional circumstance.

## Conclusion

Accordingly, Phillips's requests for the Court to appoint her counsel and to appoint a special master are both **DENIED**.

**SO ORDERED.**

December 18, 2025.

                                              _____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE